IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**REX ALLEN HEATH,**                                                                    **PLAINTIFF**
**ADC #132746**

CASE NO. 2:17-CV-120-JM-BD

**MARTHA DEPORTER, et al.**                                                     **DEFENDANTS**

RECOMMENDED DISPOSITION

I. **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

II. **Background**

Rex Allen Heath, an inmate at the Cross County Detention Center ("Detention Center"), filed this civil rights lawsuit without the help of a lawyer. Mr. Heath claims that Defendants Deporter and Bachand[1] were deliberately indifferent to his serious medical needs. He complains that he has both three balloons and a stint in his heart, but has not

---

[1] The Clerk is instructed to update the docket sheet to correctly identify Defendant Mike Bachand. (#10)

seen a physician since he was detained. He also complains that he has not received his medications as prescribed.

Defendants Deporter and Bachand have now moved for summary judgment on Mr. Heath's claims against them, arguing that he failed to fully exhaust his administrative remedies before filing this lawsuit. (#13) Mr. Heath has not responded to the motion, and the time for doing so has passed. (#16)

## III. Discussion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few, and none apply to the facts of this case. An inmate's subjective belief about the effectiveness of the grievance process does not excuse a

2

failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements vary from prison to prison because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91. Because Mr. Heath was in the Cross County Detention Center at the time the conduct at issue occurred, he was obligated to fully exhaust the Detention Center's grievance procedures. *Id*.

Defendants attach the declaration of Defendant Mike Bachand, the Detention Center jail administrator, to their motion. (#15-1) Defendant Bachand testifies that Mr. Heath failed to file any grievance before filing this lawsuit regarding either his or Defendant Deporter's failure to provide medical care. (*Id*. at 3) The undisputed evidence confirms Defendants' contention.

According to the grievance papers attached to the Defendants' motion, on July 25, July 26, and September 22, 2017, Mr. Heath filed grievances regarding his need for blood pressure medication. (#15-3 at pp.4, 5, 9) Mr. Heath, however, filed this lawsuit on July 17, 2017. (#1) Therefore, he could not have fully exhausted any of these grievances before filing suit. Although the Court is sensitive to Mr. Heath's position, he has not come forward with any evidence that he attempted to fully exhaust his claim that Defendant Deporter or that Defendant Bachand failed to provide him medical care before July 25, 2017.

Without any evidence to contradict Defendants' evidence, there is no genuine issue regarding his Mr. Heath's failure to exhaust his administrative remedies.

3

Defendants Deporter and Bachand are, therefore, entitled to judgment as a matter of law.

IV. **Conclusion**

The Court recommends that the Defendants' motion for summary judgment (#13) be GRANTED. Mr. Heath's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 15th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE